IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BILLY FRANK GILLEY,

    Petitioner,

v.

MITCH MORROW,

    Respondent.

Civil No. 98-854-AS

FINDINGS AND RECOMMENDATION

DENNIS N. BALSKE
222 S.W. Columbia
Suite 1600
Portland, OR  97201

    Attorney for Petitioner

HARDY MYERS
Attorney General
DOUGLAS Y.S. PARK
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR  97301

    Attorneys for Respondent

1 - FINDINGS AND RECOMMENDATION -

ASHMANKSAS, Magistrate Judge.

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus should be conditionally GRANTED.

## BACKGROUND

Petitioner challenges the legality of his 1984 convictions for Aggravated Murder for the killings of his father, mother, and younger sister. Petitioner alleges his trial counsel rendered constitutionally ineffective assistance when he:

1. failed to conduct an adequate investigation;

2. failed to assert appropriate defenses, particularly defenses supported by the extreme childhood trauma experienced by the petitioner and his sisters at the hands of his parents;

3. failed to subpoena or call to testify witnesses identified by the petitioner as possessing knowledge of the childhood trauma petitioner and his sisters suffered at the hands of his parents;

4. failed to properly cross-examine and impeach prosecution witnesses;

5. failed to request proper jury instructions, including but not limited to lesser included offense instructions, and further failed to object to improper instructions presented to the jury, particularly an instruction informing the jury that it first had to acquit the petitioner of murder before addressing the lesser-included offense of manslaughter;

6. failed to object to hearsay testimony, particularly that of petitioner's sister Jodie Gilley;

7. failed to object to Jodie Gilley's opinion testimony concerning the petitioner's beliefs

2 - FINDINGS AND RECOMMENDATION -

and/or intent at the time of the death of his
parents and sister;

8. failed to obtain the assistance of the appropriate qualified psychological expert and to provide that expert with information concerning petitioner's childhood trauma or to explore other possible defenses other than insanity;

9. failed to object to the testimony of prosecution witnesses respecting matters for which they had no personal knowledge;

10. failed to provide mitigating evidence or information to the sentencing court which would have supported a lesser sentence; and

11. failed to seek the release of information concerning prosecution witness, Jodie Gilley, under circumstances in which such information would have provided not only impeaching information but also information corroborating the petitioner's recollection of the events leading up to the death of his parents and sister.

The details of Petitioner's crimes and state procedural background of the case are set forth in my July 17, 2003, Opinion and Order, and will not be repeated here. By Opinion and Order of July 21, 2003, this court granted Petitioner's request for an evidentiary hearing. The evidentiary hearing commenced on April 20, 2004. Final arguments from the parties were heard October 7, 2004. The court heard testimony from two witnesses for Petitioner and one witness for Respondent, and admitted numerous exhibits into evidence.

The court had the opportunity to assess the credibility of the witnesses and to receive evidence, that resulted from

discovery in this court, that was not before the state court in the post-conviction relief ("PCR") proceeding. After the evidentiary hearing, the court allowed the parties to file post-hearing briefs.

## LEGAL STANDARDS

Under § 2254(d)(1), a state prisoner may obtain federal habeas corpus relief with respect to a claim adjudicated on the merits in state court only if the state court's ruling was either (1) contrary to clearly established federal law, as determined by the Supreme Court of the United States, or (2) involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. Williams v. Taylor, 529 U.S. 362, 404-405 (2000).

Under 28 U.S.C. § 2254(d)(2), this Court may also grant habeas relief if the state court's decision was based on an unreasonable determination of the facts in the state record. Before relief may be granted under this clause, the state court's decision must be more than merely wrong; it must be objectively unreasonable. Taylor v. Maddox, 366 F.3d 992, 999 (9th Cir. 2004). The court must find that the state's factual findings were clearly erroneous, in effect, that the state court was wrong and the petition is correct. Avila v. Galaza, 297 F.3d 911. 918 (9th Cir. 2002).

The habeas statute also provides:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). If adjudication on the merits in state court is not possible, however, then deference is not owed to the state's factual determinations. Killian v. Poole, 282 F.3d 1204, 1208 (9th Cir. 2002). Adjudication on the merits is not possible when the state court denies an evidentiary hearing to develop facts on the claim. Id.

In this case, some evidence on the Petitioner's ineffective assistance of counsel claim was produced only at the federal evidentiary hearing because the state denied Petitioner the opportunity and means to develop the evidence in the PCR proceeding. Examples of such evidence include the affidavits of Kathy Ackerman and Jody Arlington, and the neuropsychological test results and testimony of Dr. Stanulis. By refusing to allow funding for discovery to develop this evidence, the state court effectively denied Petitioner the last opportunity within the state courts to develop all of the facts in support of his claim. Moreover, the evidence submitted by Petitioner in the federal evidentiary hearing rebutted the factual determinations made by

the state PCR court with clear and convincing evidence. Accordingly, the state court's factual findings on the incomplete evidence should not receive deference.

## DISCUSSION

Under clearly established Supreme Court law, to prevail on a claim of ineffective assistance of counsel, a petitioner must show that his trial counsel's performance fell outside the wide range of reasonable professional assistance and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984); Weighall v. Middle, 215 F.3d 1058, 1062 (9th Cir. 2000). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

I.  **Counsel's Performance**

A petitioner must identify the acts or omissions of counsel that petitioner alleges were not the result of reasonable professional judgment. Id. at 690. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the range of professionally competent assistance. Id. This requires finding that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687.

Under <u>Strickland</u>, "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." <u>Id</u>. at 691. As further described, "[i]n assessing the reasonableness of an attorney's investigation . . . a court must consider not only the quantum of evidence already known to counsel, but also whether the known evidence would lead a reasonable attorney to investigate further." <u>Wiggins v. Smith</u>, 539 U.S. 510, 527 (2003).

Petitioner's trial attorney Steve Pickens testified at the evidentiary hearing before this court. Pickens admitted Petitioner did not deny killing his parents and sister. Further, Petitioner told Pickens he killed his parents in response to the physical abuse they inflicted, and that he killed his sister by accident. Petitioner also told Pickens he did it for his sister Jody, because of the way his parents were treating her.

Pickens did not seek leave of the trial court to interview Jody Gilley or attempt to obtain Jody's CSD records, nor did he interview Kathy Ackerman. Pickens did engage a psychiatrist and psychologist to evaluate Petitioner and advise about possible mental defense, but did not provide any information to these experts about the physical and mental abuse Petitioner suffered at the hands of his parents.

Pickens further admitted that his investigator, Don Cain, spent a total of 24.5 hours investigating in preparation to mount

7 - FINDINGS AND RECOMMENDATION -

a defense on Petitioner's behalf. Of these hours, 11.2 were spent in meetings with Pickens. No investigative reports were prepared, and attorney Pickens took no notes with respect to Cain's investigation or of Pickens' or Cain's meetings with Petitioner.

Petitioner's expert witness, attorney Ralph Smith, opined that the time spent by Pickens' investigator on Petitioner's case was not even close to an adequate amount of time to investigate a triple-homicide. Smith explained that defense counsel is responsible for seeing to it that an adequate investigation is conducted, and that such investigation is necessary in every case in order to provide factual support for whatever defense theory is chosen. In a case like Petitioner's, where the client admits committing the acts charged, a viable theory of defense is especially important. Smith opined that it is critical to explain why the client committed the acts in order to gain acceptance by the jury for the behavior. Armed with the facts uncovered in the course of the federal habeas action, Smith opined that competent counsel would have pursued a number of defense theories: self-defense and defense of others (except for the killing of the young sister); extreme emotional distress; guilty but insane; and lack of specific intent.

Based upon a review of the record and the evidence and testimony adduced at the evidentiary hearing, trial counsel's conduct fell below the objective standard of reasonableness. He

failed to conduct a reasonable investigation which would have allowed him to make informed decisions about how best to represent Petitioner.

## II. **Prejudice to Petitioner**

If counsel's performance is found to be deficient, any deficiencies must be prejudicial to the defense in order to constitute ineffective assistance of counsel. Strickland, 466 U.S. at 691. Prejudice occurs where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. . . . A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

Trial counsel's failure to investigate, uncover, and present at trial the evidence of Petitioner's background did create a reasonable probability that the result of the proceeding would have been different. At trial, despite obtaining a jury instruction on the lesser-included offense of manslaughter, counsel for Petitioner did not introduce any evidence to substantiate his argument that the state did not prove the

requisite intent for murder.[1]  In closing argument, the prosecutor characterized trial counsel's argument as "absurd."

The new evidence introduced in this proceeding provided independent substantiation of the severe mental and physical abuse Petitioner suffered at the hands of his parents, as well as Dr. Stanulis' diagnosis that Petitioner suffered from Post Traumatic Stress Disorder and a severe organic brain dysfunction at the time of the killing.  Attorney Smith explained in detail how this evidence could, and should, have been presented to the jury to support several defense theories.

The jury in this case found Petitioner intentionally murdered his parents and sisters.  There is a reasonable probability that introduction of a mental defense described by Attorney Smith, based upon the evidence adduced before this court, would have resulted in a manslaughter or guilty but insane verdict.

Trial counsel's failures prejudiced Petitioner both before the jury at trial and before the court at sentencing.  The trial court's conclusion at sentencing speaks volumes:

> I have heard not one scrap of evidence to mitigate what you did.  What occurred was not done in the heat of passion.  It was cold-blooded. . . .  And to this day I have yet to hear a satisfactory reason or explanation

---

[1] The guilt portion of the trial lasted less than two full days.  Trial counsel put on no witnesses and cross-examined only one state witness, Jody Gilley.  The transcript for the guilt portion of the trials, including all witnesses, opening statements, and closing arguments of counsel, consists of 109 pages.

>     for the conduct. . . .   And frankly, you've put me in
>     a position where I am sentencing you from a lack of
>     information.
>
>                              * * *
>
>     The only conclusion I can reach is a very severe
>     personality disorder, antisocial personality.  With the
>     type of acting out that you did in this case, the best
>     I can do for society is try to put you away for as long
>     a period of time as the laws will allow, and I see no
>     choice.

Competent defense counsel would have presented mitigation evidence at the sentencing, including Dr. Stanulis' explanation that studies show there is virtually no risk of recidivism in parricide cases.

Trial counsel's failure to investigate, develop, and present to the jury and the court evidence of a mental defense to the charge of Aggravated Murder undermines this court's confidence in the outcome of Petitioner's trial.  Had trial counsel provided constitutionally effective assistance, there is a reasonable probability that the result of the proceeding would have been different.  Accordingly, the state court's denial of relief in the PCR proceeding is not entitled to deference under 28 U.S.C. § 2254, and the Amended Petition for Writ of Habeas Corpus should be conditionally granted.

**RECOMMENDATION**

Based on the foregoing, I recommend that the Amended Petition for Writ of Habeas Corpus be GRANTED. Respondent should be ordered to release Petitioner from custody and discharge him from all other adverse consequences of his conviction unless Petitioner is brought to retrial within ninety (90) days of the date the Judgment herein becomes final, plus any additional delay authorized by State law.

**SCHEDULING ORDER**

Objections to these Findings and Recommendation(s), if any, are due January 19, 2005. If no objections are filed, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement on that date.

If objections are filed, the response is due no later than February 4, 2005. When the response is due or filed, whichever date is earlier, the Findings and Recommendation(s) will be referred to a district court judge and go under advisement.

DATED this \_\_\_\_\_ day of December, 2004.

                Donald C. Ashmanskas
                United States Magistrate Judge